Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Dorian Alexander**, an Arizona resident;<br>Plaintiff,<br>v.<br>**Penske Logistics, LLC**, a Delaware company;<br>Defendant. | **Case No.**<br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***<br>**(Jury Trial Requested)** |

Plaintiff Dorian Alexander ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendant Penske Logistics, LLC, ("**Penske**"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members[1] are current and/or former delivery helpers (or similar titled) employed by Defendant.

2. Plaintiff brings this action on behalf of himself and all other similarly situated

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Collective Members, who were not fully compensated for their overtime wages.

3. Plaintiff and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

4. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendant regularly conducted business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9. At all relevant times to the matters alleged herein, Plaintiff Dorian Alexander

resided in the District of Arizona.

10. At all relevant times to the matters alleged herein, Plaintiff Dorian Alexander was a full-time employee of Defendant from on or around May 4, 2024, to present.

11. At all relevant times to the matters alleged herein, Plaintiff Dorian Alexander was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

12. At all relevant times to the matters alleged herein, Plaintiff Dorian Alexander was a non-exempt employee of Defendant.

13. Defendant Penske is a company authorized to do business in Arizona.

14. Defendant Penske was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Plaintiff is further informed, believes, and thereon alleges that each Defendant herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

17. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

18. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

19. Upon reasonable belief, Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that have or will have annual gross sales of at least

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

$500,000 in 2025.

20. Plaintiff would communicate with Defendant via phone calls and texts.

21. Plaintiff is a covered employee under individual coverage.

22. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF ALEXANDER

23. The entity Defendant is a transportation services company.

24. On or around May 4, 2024, Plaintiff Dorian Alexander commenced employment with Defendant as a delivery helper.

25. Plaintiff's primary job duties included riding along in the delivery truck and unloading merchandise at every stop.

26. Plaintiff Dorian Alexander was paid $19.48 per hour upon hire.

27. On or around May 2025, Plaintiff received a raise of $20.48 per hour.

28. Plaintiff Dorian Alexander routinely worked in excess of 40 hours per week.

29. Plaintiff estimates he works approximately 50 hours a week.

30. Defendant deducts 30 minutes for a meal break every day, even though Plaintiff is working during this time period.

31. Defendant deducts this time to avoid paying overtime wages.

32. Defendant requires workers to clock in and out for meal breaks on their phones, which causes frequent errors.

33. Plaintiff let management know about these errors and for them to correct them and to pay Plaintiff for time worked.

34. Management refused to correct these errors and told Plaintiff to "chalk those minutes to a loss."

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

35. If Plaintiff "forgets" to clock out for the 30-minute period, Defendant still goes in and does a deduction.

36. Plaintiff never traveled across state lines.

37. Defendant pays time-and-a-half for hours worked over 40 in a given workweek.

38. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours off-the-clock.

39. For example, during the work week of August 3, 2025, Plaintiff Dorian Alexander estimates that he worked around 47 hours and did not receive the correct overtime pay.

40. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

41. Defendant required Plaintiff to work overtime as a condition of his employment.

42. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

44. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff brings this action on behalf of himself and all other similarly situated

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

individuals pursuant to 29 U.S.C. § 216(b).

47. The proposed collective class for the FLSA claim is defined as follows:

**All delivery helpers (or similar job titled); who work[ed] for Defendant Penske within the past three years; who work[ed] over 40 hours in any given workweek as a past or present employee are known as (the "Collective Members").;**

**These Collective Members did not receive time-and-a-half overtime compensation for all hours worked off-the-clock.**

48. Plaintiff has given his written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

49. Plaintiff's signed consent form is attached as **"Exhibit 1".**

50. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

51. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

52. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

53. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated by Defendant with overtime pay for all

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

hours they worked over forty in a given workweek.

54. The Collective Members perform or have performed the same or similar work as Plaintiff.

55. Plaintiff and the Collective Members were shorted on their overtime pay.

56. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all overtime pay.

57. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

58. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

59. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

60. Notice of this action should be sent to all similarly situated employees.

61. There are numerous similarly situated employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

62. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

63. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

64. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

65. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay.

66. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

67. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

68. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

69. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

70. Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that Defendant committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G. Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED October 14, 2025.

**WEILER LAW PLLC**

By: /s/ Jason Barrat

5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com